

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:ANW  *271 Cadman Plaza East*
F.#2016R02174  *Brooklyn, New York 11201*

December 20, 2016

<u>By ECF and Hand</u>

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Mohamad Elreda v. United States</u>
     <u>Miscellaneous Docket No. 16-2999 (DLI)</u>

Dear Chief Judge Irizarry:

  The government respectfully submits this letter in response to the petitioner's <u>pro se</u> motion to expunge and seal his criminal record in <u>United States v. Henri Al Halabi, et al.</u>, 10-CR-120 (S-1) (DLI). For the reasons set forth below, the defendant's motion should be dismissed because the Court lacks jurisdiction to expunge his lawful conviction.

I. <u>Facts</u>

  On April 9, 2010, a grand jury in the Eastern District of New York returned a superseding indictment against the petitioner, charging him with trafficking in counterfeit clothing, in violation of Title 18, United States Code, Section 2320. (ECF No. 54.) On February 22, 2011, the petitioner pleaded guilty to trafficking in counterfeit clothing. (ECF No. 176.) On August 17, 2011, the Court sentenced the petitioner to five years' probation with special conditions, including one year of home confinement and a requirement that he perform 200 hours of community service. (ECF No. 324.)

  The petitioner filed the instant petition on November 30, 2016. In support of his request for relief, he argues that he has completed all of his probation responsibilities and that because of his criminal record, he is having difficulty obtaining employment.

II.     Argument

   A. The Court Lacks Jurisdiction to Consider the Petitioner's Motion

   Federal courts have limited jurisdiction. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). They possess "only that power authorized by Constitution and statute," as well as "ancillary jurisdiction" over "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377-78 (1994) (citations omitted). A court's jurisdiction "is not to be expanded by judicial decree" beyond these bounds. Id. at 377 (citation omitted).

   Because no Constitutional or statutory provision grants jurisdiction to expunge the records of a lawful criminal conviction on equitable grounds, the narrow question in this case is whether this Court has "ancillary jurisdiction" to grant such relief.[1] The Supreme Court has identified only two grounds for asserting ancillary jurisdiction: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"; and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80. Because neither ground supports the assertion of ancillary jurisdiction over a request for the expungement of a valid criminal conviction for equitable reasons, there can be no ancillary jurisdiction over such a request. Moreover, granting such a request for expungement would usurp powers delegated to the Legislative and Executive branches of government.

   Indeed, in Jane Doe v. United States, 833 F.3d 192 (2d Cir. 2016), the Second Circuit made clear that a district court lacks jurisdiction to consider a motion to expunge a valid conviction. 833 F.3d at 196-200. In Jane Doe, the petitioner moved for the district court to expunge her conviction for knowingly and willfully participating in a health care fraud scheme because, similar to the petitioner here, she had difficulty obtaining employment in light of her conviction. Id. at 195. The district court, relying on United States v.

---

[1] The petitioner does not challenge the lawfulness or validity of his arrest or conviction and therefore his petition does not implicate the question of whether a district court has jurisdiction to expunge a record of an unlawful or otherwise invalid arrest or conviction. See, e.g., United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000) ("ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error."). Nor does Elreda's petition implicate the question of whether a district court has jurisdiction to expunge a valid conviction where there is statutory authority for such expungement, such as the expungement of a criminal conviction that had been "set aside" under the now-repealed Federal Youth Corrections Act, 18 U.S.C. § 5005. See United States v. Doe, 935 F. Supp. 478, 480-81 (S.D.N.Y. 1996); United States v. Doe, No. 71-CR-892 (CBM), 2004 WL 1124687, at *2 (S.D.N.Y. May 20, 2004).

Schnitzer, 567 F.2d 536 (2d Cir. 1977) and Kokkonen, found that it had ancillary jurisdiction to consider Doe's motion and found that "the consequences of Doe's conviction were 'extreme' enough to warrant expungement of her criminal record." Id. at 195-96.  The Second Circuit disagreed and held that the district court lacked jurisdiction to consider Doe's motion to expunge records of a valid conviction. Id. at 197-99 (ruling that Schnitzer "applies only to arrest records after an order of dismissal," finding that the district court's exercise of ancillary jurisdiction "served neither of the goals identified in Kokkonen" and recognizing that Congress could provide for such jurisdiction in the future as it had done in other contexts).  The Second Circuit vacated the district court's order and remanded with instructions to dismiss Doe's motion for lack of jurisdiction.[2] Id. at 200.

B. Even If the Court Has Jurisdiction, the Petitioner Has Not Established Extreme Circumstances Warranting Expungement

Even if the Court were to find that it has jurisdiction to consider the petitioner's motion, the petitioner has not established extreme circumstances warranting expungement of his criminal record.  Where applicable, the decision to grant a motion for expungement "lies within the equitable discretion of the court, and relief usually is granted only in extreme circumstances." Schnitzer, 567 F.2d at 539-40; accord, e.g., United States v. Schonsky, No. 05-CR-00332 (JG), 2015 WL 2452550, at *1 (E.D.N.Y. May 1, 2015).

Courts in this circuit have routinely denied motions for expungement even where a petitioner has asserted an actual hardship based on, for example, the adverse employment consequences of a criminal conviction.  Indeed, numerous cases stand for the proposition that difficulty in obtaining employment because of a criminal record is not enough to warrant expungement.  See Joefield v. United States, No. 13-MC-367 (JBW), 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases); Oyebola v. United States, No. 10-MC-425 (JG), 2010 WL 2880167 (E.D.N.Y. July 20, 2010) (denying motion to expunge where petitioner "cannot find new employment because of her criminal record," because "the law does not permit expungement based on such circumstances" (quoting United States v. James, No. 97-CR-715 (ILG), 2003 WL 21056989, at *2 (E.D.N.Y. Feb.13, 2003))); see also United States v. Barrow, No. 06-CR-1084, 2014 WL 2011689, at *1 (S.D.N.Y. May 16, 2014) (denying motion for expungement where "conviction has impeded his professional and educational progress"); Moss v. United States, No. 09-MC-495 (JFB), 2011 WL 1706548, at *3 (E.D.N.Y. May 4, 2011) (denying motion to expunge by petitioner

---

[2] The government notes that on September 8, 2016, the Second Circuit granted Doe's motion to stay the mandate to the district court pending the filing of a petition for writ of certiorari in the Supreme Court.  Jane Doe v. United States, 15-1967 (ECF No. 133.)  On December 1, 2016, the Second Circuit granted Doe's motion to extend the stay until January 9, 2017, the dated on which her petition for writ of certiorari is due to the Supreme Court. Jane Doe v. United States, 15-1967 (ECF No. 141.)

who was disqualified from service as a substitute teacher and tutor because of her conviction); United States v. Thompson, No. 10-MC-537 (ARR) (JO), 2010 WL 3614921, at *1 (citing Schnitzer, 567 F.2d at 540) (denying motion for expungement by petitioner who "encountered obstacles" to employment due to her criminal record); Gardner v. United States, No. 10-MC-0159 (KAM) (JO), 2010 WL 2292222, at *1 (E.D.N.Y. Apr. 23, 2010) (denying motion to expunge by petitioner who claimed his conviction "prejudice[d] his employment prospects"); Fernandez v. United States, No. 09-MC-326 (CPS), 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009) (denying motion to expunge by an unemployed petitioner who was having trouble obtaining employment); Slansky v. White, No. 96-CV-2338 (JFK), 1996 WL 312401, at *2 (E.D.N.Y. June 10, 1996) (denying motion to expunge by petitioner who was fired from a job when a background check revealed his conviction).

III.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court dismiss the petitioner's motion for lack of jurisdiction. Even if the Court finds that it has jurisdiction, the petitioner's motion should be denied because he has not established extreme circumstances warranting expungement.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:     /s/ Alicia N. Washington
Alicia N. Washington
Assistant U.S. Attorney
718-254-6009

cc:     Mohamad Elreda (by FedEx)

4